UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY RANKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 21-2758-SHM-tmp |
| | ) |
| WESLEY SCOTT PHILLIPS, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER DISMISSING AMENDED COMPLAINT (ECF NO. 13) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART;
DENYING LEAVE TO AMEND;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING RANKINS OF THE COURT'S STRIKE RECOMMENDATION UNDER
28 U.S.C. § 1915(g);
AND DISMISSING CASE IN ITS ENTIRETY**

On December 6, 2021, Plaintiff Timothy Rankins filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)[1] The complaint was based on two (2) procedures to implant cardiac loop recorders in Rankins's chest while he was confined at the SCCJC in September and October 2021. (*Id.* at PageID 3-4.) Rankins brought claims of medical malpractice against twelve Defendants. (*Id.* at PageID 1-2; *see also* ECF No. 12 at PageID 37-38.) On June 30, 2022, the Court dismissed the complaint, declined to exercise supplemental jurisdiction under 28 U.S.C. §

---

[1] When Rankins filed the complaint, he was incarcerated at the Shelby County Criminal Justice Center (the "SCCJC") in Memphis, Tennessee. (ECF No. 1-1 at PageID 7.) According to the Tennessee Department of Correction's Felony Offender Information website, Rankins's sentence ended on October 10, 2022, and his supervision status has been designated "inactive." (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed Mar. 31, 2023).) The Court's February 16, 2022 Order directed Rankins, *inter alia*, "to notify the Court immediately, in writing, of [Rankins's] change of address … [i]f Plaintiff is transferred to a different prison or released." (ECF No. 10 at PageID 32.) Rankins has not notified the Clerk of Court that Rankins has been released from confinement.

1367(a), granted leave to amend, and denied all pending motions. (ECF No. 12 (the "Screening Order").) On July 25, 2022, Rankins filed an amended complaint (ECF No. 13), which is before the Court for screening.

For the reasons explained below, the amended complaint is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part, and leave to amend is DENIED.

I.    **THE AMENDED COMPLAINT**

The amended complaint repeats the initial complaint's factual allegations about: Rankins's heart symptoms in September and October 2021; his medical treatment at Regional One Hospital to implant a cardiac loop recorder in September 2021; his ongoing chest symptoms after the September 2021 implant procedure; his medical treatment at Baptist Memorial Hospital in October 2021 to replace the loop recorder; and medical professionals' differences of opinion about the first loop recorder's performance. (ECF No. 1 at PageID 3-4; ECF No. 13 at PageID 48-49.)

The amended complaint repeats the initial complaint's claims of medical malpractice. (ECF No. 13 at PageID 49; ECF No. 1 at PageID 3-5.) The amended complaint alleges a claim of unconstitutional cruel and unusual punishment and can be construed to bring a claim of product liability. (ECF No. 13 at PageID 49.)

The amended complaint seeks one hundred and seventy-one million dollars ($171,000,000.00) in damages. (ECF No. 13 at PageID 50 (seeking: (1) (a) twenty-six million dollars ($26,000,000.00) in punitive damages, (b) twenty-six million dollars ($26,000,000.00) for pain and suffering, and (c) fifteen million dollars ($15,000,000.00) for mental anguish from Regional One Health; (2) (a) four million dollars ($4,000,000.00) in punitive damages, (b) three million dollars ($3,000,000.00) for pain and suffering, and (c) three million dollars ($3,000,000.00) for mental anguish from Baptist East Hospital[2]; (3) (a) twenty-six million dollars

---

[2] The amended complaint's use of the term "Baptist East" (ECF No. 13 at PageID 49) is construed to refer to "Baptist Memorial Hospital" as used in the initial complaint (ECF No. 1 at

2

($26,000,000.00) in punitive damages, (b) twenty-six million dollars ($26,000,000.00) for pain and suffering, and (c) twenty-six million dollars ($26,000,000.00) for mental anguish from Boston Scientific; and (4) (a) eight million dollars ($8,000,000.00) in punitive damages and (b) eight million dollars ($8,000.000) for pain and suffering from the Shelby County Division of Corrections (the "SCDC").)

## II.   ANALYSIS

### A. Claims Against The SCDC And Shelby County

To the extent the amended complaint alleges claims against the SCDC, Rankins fails to state a claim to relief.  The amended complaint does not alleges facts demonstrating that Rankins was deprived of a constitutional rights pursuant to a policy or custom of Shelby County, Tennessee. *See generally Hafer v. Melo*, 502 U.S. 21 (1991); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).  Instead, the amended complaint alleges violations of Rankins's constitutional rights by private persons who were not government officials or employees at the times relevant to Rankins's claims.  (ECF No. 13 at PageID 48-49.) Rankins sues the SCDC and Shelby County exclusively because Rankins was confined at the SCCJC when his alleged injuries occurred.  (*See id.*)  That is insufficient to demonstrate liability under § 1983.

To the extent the amended complaint alleges claims against the SCCJC, Rankins's claims fail as a matter of law.  *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (under § 1983, a jail is not a "person" subject to suit).  If Rankins's claims against the SCCJC are construed as claims against Shelby County, *see Marbry*, 2000 WL 1720959, at *2, his claims fail for the reasons explained above.

---

PageID 1).   *See also*   https://www.baptistonline.org/locations/memphis (Baptist Memorial Hospital-Memphis is located on the East Memphis campus of Baptist Memorial Health Care) (last accessed Mar. 31, 2023).

### B. Claims Against Private-Party Defendants

To the extent the amended complaint alleges claims against the Boston Scientific Defendants[3], the Regional One Defendants[4], and the Baptist Memorial Defendants[5] under § 1983, Rankins "may not sue purely private parties." *See Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). The amended complaint alleges no facts from which the Court can plausibly infer that the Boston Scientific Defendants, the Regional One Defendants, and the Baptist Memorial Defendants are state actors for § 1983 purposes. For example, the amended complaint alleges no facts demonstrating that: (1) the Regional One Defendants or the Baptist Memorial Defendants functioned as arms of the State of Tennessee while rendering medical care to Rankins during his term of confinement at the SCCJC, *see Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003); or that (2) the Regional One Defendants or the Baptist Memorial Defendants' alleged actions were taken pursuant to an unconstitutional policy or custom of Regional One Hospital or of Baptist Memorial Hospital that was the "moving force" behind alleged violation of Rankins's constitutional rights. *See Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

### C. Claims Of Malpractice; Claim Of Product Liability

The amended complaint alleges that the "broke[n] … loop recorder … subjected me to ongoing cruel and unusual punishment." (ECF No. 13 at PageID 49.) Rankins's allegation is construed as a claim of medical malpractice or a claim of product liability.

---

[3] The phrase "Boston Scientific Defendants" refers to: (a) Boston Scientific; (b) Mr. Kade of Boston Scientific; and (c) Ms. Racheal of Boston Scientific. (*See* ECF No. 12 at PageID 37.)

[4] The phrase "Regional One Defendants" refers to: (a) Regional One Health Hospital; (b) Dr. Nayyer of Regional One Health Hospital; (c) Dr. Joel ReJa of Regional One Health Hospital; and (d) Dr. Ajay Venkatanaryan of Regional One Health Hospital. (*See id.*)

[5] The phrase "Baptist Memorial Defendants" refers to: (a) Baptist Memorial Hospital; (b) Dr. Wesley Scott Phillips of Baptist Memorial Hospital; (c) Dr. Soyyer of Baptist Memorial Hospital; and (d) Dr. Jewel Arrie Harris of Baptist Memorial Hospital. (*See id.*)

Rankins's medical malpractice allegation is a claim under state law, which does not give rise to relief under § 1983.  *See Dotson v. Corr. Med. Serv.*, 584 F. Supp. 2d 1063, 1068-69 (W.D. Tenn. 2008).  The amended complaint alleges no different facts and cites no intervening changes in relevant law that alter the Screening Order's conclusion that Rankins's medical malpractice allegation is not cognizable under § 1983.  (*See* ECF No. 12 at PageID 43-44.)

Rankins's product liability allegation "is a state law claim", *see Bell v. Metacraft*, No. 3:18-cv-0991, 2018 WL 5886024, at *3 (M.D. Tenn. Nov. 9, 2018) (internal citation omitted), that is not actionable under § 1983.  *See*, *e.g.*, *Abergel v. Gracie Square Hosp.*, No. 19-CV-05689, 2019 WL 3219457, at *2 (S.D.N.Y. July 15, 2019) (dismissing § 1983 claims alleged against private actors relating to medical malpractice and products liability); *Carpenter v. Kloptoski*, No. 1:08-cv-2233, 2010 WL 891825, at *6 (M.D. Pa. Mar. 10, 2010) ("At most, the allegations amount to mere negligence … and product liability claims [that] are not actionable under § 1983").

To the extent the amended complaint can be construed to allege independent state law claims for medical malpractice and product liability, the Court DECLINES to exercise supplemental jurisdiction because the Court is dismissing all of the federal law claims in the amended complaint.  Under 28 U.S.C. § 1367(c)(3), a District Court may decline to exercise jurisdiction over supplemental claims arising under state law if the Court has dismissed all of the claims over which it has original jurisdiction.  *See*, *e.g.*, *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (where a federal court dismisses the underlying federal law claims, the court "should not ordinarily reach the plaintiff's state-law claims") (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("'If federal claims are dismissed before trial, the state claims generally should be dismissed as well'") (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)).  The amended complaint's state law claims of medical malpractice and product liability are

5

DISMISSED WITHOUT PREJUDICE because the Court declines supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3).

### D. Claim Of Cruel And Unusual Punishment

The amended complaint alleges that Rankins was "subjected to cruel and unusual punishment" when: (1) he complained in October 2021 about "burning and pain in my chest … to the nurses and doctors and correctional officers at the Shelby County Division of Corrections … [f]or 3 to 4 weeks, which they did nothing for"; and (2) "Baptist East [Hospital] allowed me to remain in about 5 days after finding out that the loop recorder was broke[n]." (ECF No. 13 at PageID 49.) Rankins's allegations are construed as a claim of cruel and unusual punishment in violation of the Eighth Amendment.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citations omitted). Prison officials must provide inmates with adequate food, clothing, shelter, and medical care. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). An Eighth Amendment claim is composed of two parts: (1) an objective prong, which requires a plaintiff to show a "sufficiently serious" deprivation; and (2) a subjective prong, which requires a showing of a sufficiently culpable state of mind -- that is, one of deliberate indifference. *Farmer*, 511 U.S. 825, 834 & 837. Deliberate indifference is "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020)).

Considering Rankins's allegation of cruel and unusual punishment against Baptist East Hospital (ECF No. 13 at PageID 49), the amended complaint alleges no facts demonstrating that Baptist East Hospital's alleged actions "may be fairly attributable to the state." *See Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). As explained *supra* in this Order and in the Screening Order, a private person like Baptist East Hospital is not subject to suit under § 1983.

6

(*See* ECF No. 12 at PageID 41-43.)  Rankins's allegation of cruel and unusual punishment by Baptist East Hospital fails to state a claim to relief as a matter of law.

Rankins alleges that "nurses and doctors and correctional officers" at the SCDC ignored Rankins's chest pains and burning for three (3) to four (4) weeks in October 2021.  (ECF No. 13 at PageID 49.)  Even if the Court were to find that Rankins alleged a sufficiently serious medical condition posing a substantial risk of serious harm, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992) and *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), Rankins would fail to allege facts demonstrating that a particular SCDC doctor, SCDC nurse, or SCDC correctional officer subjectively knew of Rankins's alleged symptoms and disregarded the risk to Rankins's health. *See Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009).  The amended complaint does not satisfy the subjective prong of an Eighth Amendment claim.  Rankins fails to allege sufficient facts demonstrating a claim of cruel and unusual punishment against the "nurses and doctors and correctional officers" at the SCDC.  (ECF No. 13 at PageID 49.)

For these reasons, Rankins's Eighth Amendment claim of cruel and unusual punishment is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### III.     AMENDMENT UNDER THE PLRA

The Court DENIES leave to amend the amended complaint (ECF No. 13).  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua*

*sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court has granted Rankins leave to amend his claims in this case. (*See* ECF No. 12.) It would be futile to give Rankins another opportunity.

## IV.     **APPELLATE ISSUES**

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Rankins would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the same reasons the Court dismisses the amended complaint for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Rankins would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma*

8

*pauperis*. If Rankins appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## V. <u>NOTICE OF STRIKE RECOMMENDATION</u>

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Rankins's future filings, if any, the Court recommends that the dismissal of the amended complaint's (1) federal law claims against the SCDC and Shelby County, (2) federal law claims against the Boston Scientific Defendants, the Regional One Defendants, and the Baptist Memorial Defendants, and (3) claim of cruel and unusual punishment (collectively, the "Claims Dismissed With Prejudice") be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## VI. <u>CONCLUSION</u>

For the reasons explained above:

A. The amended complaint's (a) federal law claims against the SCDC and Shelby County, (b) federal law claims against the Boston Scientific Defendants, the Regional One Defendants, and the Baptist Memorial Defendants, and (c) claim of cruel and unusual punishment (ECF No. 13) are DISMISSED WITH PREJUDICE for failure to state a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2). The Court recommends that the dismissal of the Claims Dismissed With Prejudice be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 996 F.3d 350. The amended complaint's state law claims of (a) medical

9

malpractice and (b) product liability are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

      B.     Leave to amend the amended complaint is DENIED.

      C.     The Court CERTIFIES that an appeal would not be taken in good faith.

      D.     The Court DENIES leave proceed *in forma pauperis* on appeal.

      E.     This case is DISMISSED in its entirety.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED, this 12th day of April, 2023.

                                          /s/ *Samuel H. Mays, Jr.*
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE